# In the United States Court of Federal Claims

No. 23-811C

(Filed: July 30, 2024)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LARRY GOLDEN,

      *Plaintiff,*

v.

THE UNITED STATES,

      *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER ON RECONSIDERATION

    Plaintiff Larry Golden, appearing *pro se*, filed his fourth complaint in this court on May 31, 2023, alleging that the United States government, acting through the Defense Threat Reduction Agency ("DTRA"), implicitly authorized the use of three of his patents by several third party corporations in violation of 28 U.S.C. § 1498(a). On April 23, 2024, the court dismissed plaintiff's claim pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), finding that his claim was barred by claim preclusion and the related *Kessler* doctrine. *Golden v. United States*, 171 Fed. Cl. 33, 37 (2024) (relying on *Kessler v. Eldred*, 206 U.S. 285 (1907)). Plaintiff filed a motion for reconsideration and notice of pending motion for disqualification on April 30, 2024, asserting that the court's dismissal of his claim had been rooted in racial bias and was not in accordance with the doctrine of vertical *stare decisis*.

    Turning to the present motion, although denominated as a motion for reconsideration, it appears that the thrust of the motion is aimed at disqualification of the undersigned, but we note that most of the arguments in support of that relief are disagreements with the merits of our dismissal decision.[1]  We begin by noting that there is no provision in the court's rules

---

[1] We are unsure if plaintiff's notice of pending motion for disqualification is a reference to his earlier-filed motion, which was disposed of in our opinion

1

for the filing of a post-judgment motion for disqualification. Plaintiff cites 28 U.S.C. § 144 as grounds for the requested disqualification. That statute, by its very terms, however, applies only to the federal district courts, and not to the Court of Federal Claims. 28 U.S.C. § 144 ("Whenever a party . . . *in a district court* makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . such judge shall proceed no further therein.") (emphasis added). Nor would such a request be timely after judgment has been entered. We thus consider the motion under the rubric of reconsideration.

Motions for reconsideration are governed by Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Pursuant to Rule 59(a)(1)(A), "the court may, on motion, grant . . . a motion for reconsideration on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." A motion for reconsideration may also be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or upon the showing of evidence . . . that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1)(B–C). Specifically, RCFC 59 permits reconsideration for one of three reasons: 1) an intervening change in the controlling law has occurred; 2) previously unavailable evidence is now available; or 3) the motion is necessary to prevent manifest injustice. *Matthews v. United States*, 73 Fed. Cl. 524, 525 (2006). Furthermore, "the movant must point to a manifest error of law or mistake of fact" and must do more than "merely reassert[] arguments which were previously made and were carefully considered by the court." *Henderson Cnty. Drainage Dist. No. 3 v. United States*, 55 Fed. Cl. 334, 337 (2003). A motion under RCFC 59 "must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Parsons ex rel. Linmar Prop. Mgmt. Tr. v. United States*, 174 Fed. Appx. 561, 563 (Fed. Cir. 2006).

Plaintiff does not argue a change in the controlling law or offer any newly discovered evidence. Instead his motion largely restates arguments he made in his complaint. Mr. Golden presents four broad reasons for why he believes our previous opinion should be reconsidered. First, he alleges that our opinion runs afoul of the doctrine of *stare decisis*. Second, he argues that his Fifth Amendment due process rights have been violated. Third, plaintiff argues that we misapplied the doctrine of res judicata, or claim preclusion. Fourth, plaintiff suggests throughout his motion that our opinion was

---

of April 23, or whether plaintiff intends to convey that he is asking for that same relief in this motion.

motivated by racial bias, though he does not point to any specific evidence or details that support this allegation. We address these four arguments in turn.

Plaintiff argues that the doctrine of *stare decisis* requires the Court of Federal Claims to follow the decisions of the Court of Appeals for the Federal Circuit, specifically the circuit court's decision in Mr. Golden's appeal from the dismissal of his claims in district court in South Carolina. We note, to start, that that decision is not the law of this case because it was not an appeal in this case. It is also unpublished and thus, by the circuit's own rules, not binding precedent. *See* Fed. Cir. R. 32.1(d). It is persuasive authority only to the extent that it prescribes some rule of law applicable to the issues in this case. It did not. The issue there was whether plaintiff's pleadings were facially frivolous. *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022). The issue here was whether the doctrine of claim preclusion, as expanded by *Kessler*, barred relitigation of the issue of infringement. *Golden*, 171 Fed. Cl. at 37.

As we observed in our dismissal opinion, plaintiff has fundamentally misunderstood the Federal Circuit's ruling in *Golden v. Apple Inc*. The present motion raises no new argument in this regard, and the argument he does make hinges on a "dramatic misreading of the appellate opinion." *Id.*

Next, plaintiff alleges that his Fifth Amendment due process rights have been violated, because the court has allegedly deprived plaintiff of his property through "unfair and unjustified" means. Mot. Recons. 2. Though not clear, his argument seems to be that he should have won his case on its merits, and because he did not, his due process rights have been violated. Plaintiff has not identified any process that was due him and which was denied. His claims were barred by *res judicata*. That is not a violation of due process. *See Searcy v. Dep't of Agriculture*, 813 Fed. App'x 472, (Fed. Cir. 2011) (holding that the Merit Systems Protection Board did not violate the appellant's due process rights by *sua sponte* dismissing the claim as barred by *res judicata*). As the Supreme Court has explained, the fundamental requirements of procedural due process are notice and opportunity to respond, both of which are met here. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

As to *res judicata* itself, plaintiff argues that "issue preclusion"[2] does not apply here and is inapplicable to his infringement claims. He calls the

---

[2] We understand plaintiff to actually be referring to claim preclusion, which was the grounds for his complaint's dismissal.

3

*Kessler* doctrine a "special" preclusion doctrine "created" by the Federal Circuit which should not apply here, because it supersedes congress' intent to allow patent infringement suits to be brought against the government "whenever" under 28 U.S.C. § 1498(a). Mot. Recons. 4. Plaintiff is wrong. The doctrine of *res judicata* applies to all claims at law and equity. It protects the preclusive effect of judgments and preserves the court's and prevailing parties' resources by preventing relitigation of previously decided claims. *See Montana v. United States*, 440 U.S. 147, 153–154 (1979) (stating that *res judicata* protects against the "expense and vexation attending multiple lawsuits, conserves judicial resources," and minimizes the "possibility of inconsistent decisions."). We have applied *Kessler* before in the section 1498 context. *See, e.g.*, *JG Techs., LLC v. United States*, 156 Fed. Cl. 691, 713 (2021) (finding that certain of plaintiff's infringement claims against the United States were barred by *Kessler*).

In Mr. Golden's view, we have unduly relied on the previous cases in which Golden lost. As explained in April, however, the doctrine, as expanded by *Kessler*, applies, and it bars plaintiff's latest complaint. *Golden*, 171 Fed. Cl. at 37. This motion for reconsideration casts no doubt on that result.

Lastly, we address the allegations of racial bias which plaintiff peppers throughout his motion without substantiation or citation to evidence outside of his disagreement as to the disposition of his cases. An adverse result is not evidence, by itself, of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). *See also Johnson v. Warden*, No. 2:16-cv-985, 2020 U.S. Dist. LEXIS 54236, at *49 (S.D. Ohio March 27, 2020) ("Evidence of racial bias cannot be inferred but must be clearly demonstrated in the record."). In short, plaintiff has not presented any basis to reconsider on grounds of bias.

Plaintiff's motion fails to demonstrate any bases for reconsideration under RCFC 59. Thus no response from defendant is necessary, and the motion is denied.[3]

---

[3] Plaintiff also attempted to file a motion for status update regarding his motion for reconsideration. The clerk's office received that document on July 17, 2024, but did not docket it because there is no provision in the court's rules for the filing of such a motion. We allow the motion to be filed and deny it as moot.

4

<u>s/Eric G. Bruggink</u>  
ERIC G. BRUGGINK  
Senior Judge